## UNITED STATES
v.
## INDEPENDENT SCHOOL DIST. NO. 1 OF OKMULGEE COUNTY, Okl. et al.
No. 4698.

United States Court of Appeals
Tenth Circuit.
Jan. 14, 1954.

Herman Greitzer, Attorney, Department of Justice, Washington, D. C. (Samuel D. Slade, Atty., Department of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., and Frank D. McSherry, U. S. Atty., Muskogee, Okl., were with him on the brief), for appellant.

Jerry Stone, Asst. County Atty., Norman, Okl., and L. L. Cowley, Okmulgee, Okl. (Edgar R. Boatman, County Atty., Okmulgee, Okl., was with them on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment denying recovery of a claim of the United States for overpayments made to appellee, Independent School District No. 1, Okmulgee County, Oklahoma under the community school lunch program.

The disputed funds were disbursed to the school board for the district under a valid contract between the War Food Administration and the Board of Education for the establishment of a community school lunch program in certain schools under jurisdiction of the board. By the terms of the agreement the War Food Administration agreed to reimburse the school district at certain stipulated rates per meal served in the schools under the program. The contract further provided that the board should keep full and complete records of all operations under the agreement, including the number and type of meals served each day, both free and for payment, the income received, all expenditures made, itemized receipts for all food purchased, and receipts of commodities from administrative agencies of the United States. The board subsequently contracted in exact terms with the Department of Agriculture, as successor to the War Food Administration.

In the course of the operation of the program, the school board submitted claims to the United States for reimbursement under the agreement totaling $6,334.15. These amounts were paid. A subsequent audit by the Department of Agriculture, however, revealed that the board had failed to maintain adequate records to substantiate the total claims

made and payments received, as required by the agreement. It was found that as a result overpayments had been made to the board in an amount of $1,976.20.

After demand had been made and refused, the United States commenced this suit against the defendants for the amount of the overpayments as for money had and received under a mistake of fact. It is said that the defendants will be unjustly enriched if allowed to retain the funds and should therefore be required to make restitution.

Denying recovery, the trial court concluded that the Oklahoma legislation authorizing the school districts to enter into agreements with the United States for the community school lunch program did not authorize the filing of excessive claims or the receipt of excessive amounts by the school board, or its representatives, under the terms of the contract, and no indebtedness could therefore arise from such unauthorized acts. It further concluded that no judgment could be entered in favor of the United States since it had not complied with the procedural requirements of Title 62 O.S.A. §§ 361–364. These sections prohibit judgments based on contracts against a municipality (including school districts) by any court of any county in the State of Oklahoma except in accordance with the prescribed procedure.

The defendants on appeal also invoke Article 10, Sec. 26 of the Oklahoma Constitution and Title 62 O.S.A. § 479 to preclude recovery by the United States in absence of a valid prior appropriation by the county for the overpayments.

The first question for determination is whether the law of Oklahoma controls or conditions the government's right of action to recover funds disbursed by it in the exercise of constitutional functions or powers.

We think that question was laid to rest in Board of Commissioners of Jackson County, Kan. v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; United States v. Standard Oil Company, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067.

In the Clearfield case the government sued to recover on a forged government check, and the question was whether its right to recover was controlled by state law where the check was issued and paid or by federal law. The court left no doubt of the controlling effect of federal law, holding that when the federal government disburses its funds or pays its debts, it does so in the exercise of a constitutional power or function, and that the rights and duties incident to the exercise of that power have their roots in the federal law, and federal law controls. In the absence of applicable federal statutes, the federal courts fashion the remedies for the rights from the body of "federal common law". And in the fashioning of those remedies, state law is applicable only insofar as it is deemed appropriate as a basis for the federal remedies. The same principle applies whether the federal relations affected are noncontractual in character, United States v. Standard Oil Company, supra; or even though the claim is against the state or a subdivision thereof, Board of Commissioners of Jackson County, Kan. v. United States, supra; Bryan County, Okl. v. United States, 10 Cir., 123 F.2d 782.

The funds which the government seeks to recover were disbursed to a subdivision of the state under authority of federal law and in the exercise of a constitutional function. And they were paid under conditions and circumstances which raise a duty or an obligation to repay that which was mistakenly disbursed. In the performance of the constitutional function there is no express or implied disposition to subordinate correlative federal rights to state law, and no reason is suggested or apparent for conditioning the government's rights or remedies upon state law. Whether, therefore, the asserted remedy be for

money had and received or restitution for unjust enrichment, the right to recover under controlling federal law is plain.

The judgment is reversed with directions to enter judgment for the stipulated amount of the claim.