**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY KING, et al.,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant - Cross Claimant -
Appellant,

v.

WAYNE EMMETT MCKILLOP,

      Defendant - Cross Defendant -
Appellee.

No. 00-1486

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 97-B-341)**

---

Alisa B. Klein**,** Appellate Staff, Civil Division, Department of Justice, Washington, D.C.,
(Stuart E. Schiffer, Acting Assistant Attorney General, Thomas L. Strickland, United
States Attorney, and Mark B. Stern, Department of Justice, with her on the briefs), for
Defendant - Cross Claimant-Appellant.

Colleen A. O'Laughlin (William J. Kowalski and Mark Wiletsky with her on the brief), of
Caplan and Earnest LLC, Boulder Colorado, for Appellee.

Before **KELLY** and **HOLLOWAY**, Circuit Judges, and **SHADUR**, District Judge.[*]

**HOLLOWAY**, Circuit Judge.

## I

The third amended complaint (hereafter the complaint) in the instant suit alleges jurisdiction of this action for fire damages against the United States and others being pursuant to the Federal Tort Claims Act, 28 U. S. C. §§ 2674 and 1346(b). Appellant's Appendix (Aplt. App.) at 1.

In the first claim for relief, the complaint averred that the Government was negligent in that it knew, or should have known, that the Pike National Forest in Colorado was in an unusually high condition of combustability and that a fire ban should have been ordered. *Id.* at 8. The central ruling to this appeal is the dismissal of the Government's cross claim against defendant Wayne Emmett McKillop (McKillop), which the Government appeals. The cross claim against McKillop alleges he is liable to the Government for damages suffered as a result of a Buffalo Creek fire in the Pike National Forest. The liability of McKillop is averred to arise pursuant to terms of a Term Special Use Permit (the permit) obtained by McKillop from the Forest Service. Aplt. App. 26. He is alleged to be liable for

[*]The Honorable Milton I. Shadur, United States District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

damages suffered as a result of the fire, his liability to the Government arising "because the fire resulted from and related to his use of the Term Special Use Permit." *Id.* at 29.

The general factual background for the suit, drawn essentially from the Memorandum Opinion and Order on appeal and not in dispute, was as follows. On May 18, 1996, a fire began in the Pike National Forest near Buffalo Creek in Jefferson County, Colorado. The fire destroyed property and buildings owned and occupied by plaintiff Jerry King and several other people. The fire is alleged to have been started by several students of defendant McKillop who were on a field trip supervised by McKillop, a teacher for Community Involved Charter School (CICS). McKillop invited sixteen of his students to a cabin located on about one acre of land for which McKillop and his wife held a Term Special Use Permit issued by the United States Forest Service. *See id.* at 54-61. Some of the students slept in the cabin, while several others camped in a tent and built a campfire on land adjoining McKillop's site. The district judge found, *inter alia,* that McKillop used the property covered by the permit for the school camping trip; and that during the camping trip, the forest fire was started as a result of a camp fire built by the students on the camping trip. *Id.* at 108. Under these circumstances, the judge concluded that the damages claimed by the Government resulted from and were related to the permit. *Id.* Consequently the district judge denied McKillop's Rule 12(b)(6) motion directed to the Government's cross claim three. *Id.* at 108.

Owners of the destroyed property had brought suit in the United States District Court

against McKillop, the students alleged to have built the campfire, CICS, the school district, and the Government. In the claim asserted against the Government there was an averment that the Government was liable for negligence in connection with a fire hazard. Two insurance companies intervened as plaintiffs. The Government filed cross claim three against McKillop, asserting a claim for damage to the forest as well as fire suppression costs under the permit. *Id.* at 29-30, 57. Other claims were settled or dismissed, and the only claim before us on appeal is the Government's cross claim three against McKillop. The court granted McKillop's Fed.R.Civ.P. 12(b)(1) motion to dismiss that cross claim for lack of jurisdiction due to failure to file a timely notice within 180 days in accordance with Colorado law. Aplt. App. 103-04, 107. The Government now appeals that dismissal.

## II

The motion for dismissal was granted because the Government had not complied with the 180 day notice requirement of the Colorado Governmental Immunity Act (CGIA), Col. Rev. Stat. §§ 24-10-101, *et seq.* The court held that such failure deprived it of jurisdiction. Aplt. App. 107, 115. We review de novo such a dismissal for lack of subject matter jurisdiction. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

Section 24-10-118 of the CGIA provides that where a plaintiff sues a public employee such as McKillop, the employee is immune from claims arising from the performance of his duties, if such claims lie in tort or could lie in tort, unless the act or omission causing injury was "willful and wanton." The district court found, however, that a reasonable jury could

- 4 -

find that McKillop's actions were "willful and wanton," and therefore did not grant the Rule 12(b)(1) motion on this basis. Aplt. App. 25-28.

However, a second section of the CGIA, § 24-10-109, includes a notice requirement that must be met even if the conduct was "willful and wanton." This section provides that a public employee acting in the scope of his duties may be sued only if notice is given within 180 days of the plaintiff's learning of the injury. The notice requirement states in pertinent part:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a *jurisdictional prerequisite* to any action brought under the provisions of this article, and failure of compliance shall forever bar such action.

Col. Rev. Stat. § 24-10-109 (1) (emphasis added). It is undisputed that the Government did not give such notice. The district court therefore held that it lacked jurisdiction over the Government's cross claim against McKillop and granted McKillop's Rule 12(b)(1) motion on this basis.

The Government contends that its claim was brought in contract pursuant to federal law and premised on the Term Special Use Permit and, as a federal claim, it is not subject to the CGIA's limitations. Brief for the Appellant at 11, 17; Reply Brief for the Appellant at 3. Therefore, the Government urges the applicability of the federal 6 year limitations

period of 28 U.S.C. §2415(a), which governs actions founded on any contract, express or implied in law or fact, and which the Colorado statute cannot supplant. The Government further argues that it was entitled to bring its claim under both state and federal law, not just state law as McKillop argues. *Id*. at 5-6. On appeal, the Government argues only for its federal law claims.

The district court construed the Government's cross claim against McKillop as only a state law tort claim:

> The United States' cross-claim against Mr. McKillop is properly construed as a state tort claim alleging damages as a result of McKillop's alleged negligence. The United States does not dispute that its claim lies in tort or could lie in tort. Furthermore, the United States has set forth no claim under federal law.

Aplt. App. 106A (Memorandum Opinion and Order). We must disagree with the district judge's interpretation of the Government's cross claim.[1]

The Government disputes the district judge's construction of its cross claim, arguing that the claim was asserted to enforce the terms of the permit which was issued pursuant to federal regulations, citing 36 C.F.R. § 251.56(a)(i) & (ii). Brief for the Appellant at 10. The regulations, the Government contends, require that permit holders "indemnify the United States for any and all injury, loss, or damage, including fire suppression costs, the United

---

[1]Here the district judge below acknowledged that "if the claim of the United States was a claim in contract based upon the permit, then of course the [Colorado] Governmental Immunity Act would not apply." Aple. Supp. App. 39 (hearing on motions).

States may suffer . . . ." *Id.* (citing 36 C.F.R. § 251.56(d)(1)). Therefore, the Government argues that its cross claim against McKillop is governed exclusively by federal law. *Id.* at 12. McKillop counters that the Government waived this argument by failing to raise it with sufficient specificity in the district court.

## III

### A

*Whether the Government Raised This Argument in the District Court*

As noted, the district court read the Government's cross claim as raising only a state tort claim. Therefore, McKillop argues, the Government waived its argument that it was bringing a federal claim. It is a general rule that this court will not consider an issue on appeal that was not raised below. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

The Government asserted its cross claim against McKillop in its Amended Answer to Third Amended Complaint and Cross-Claims, Aplt. App. 29 (Third Claim for Relief), under which appears the explanatory parenthetical "Liability under Term Special Use Permit." Paragraph 14[2] alleges:

> Wayne E. McKillop is liable to the United States for its damages suffered as a result of the Buffalo Creek Fire *pursuant to the terms of the Term Special Use Permit* because the fire resulted from and related to his use of the Term Special Use Permit.

---

[2]There are actually two paragraphs numbered 14, apparently due to a typographical error.

*Id.* (emphasis added). The Government explained its reasoning more fully in its Response to McKillop's Motion to Dismiss Cross-Claim. Aplt. App. 38-43. There, the Government acknowledged that the third claim for relief, discussed above, was its only claim asserted against McKillop. *Id.* at 40 n.1. The Government cited 28 U.S.C. § 1345 as authorizing its claim. *Id.* at 39. The Government also cited 28 U.S.C. § 2415(b) as providing that the relevant statute of limitation is six years. *Id.*

Section 1345 is not as helpful to the Government's case as its response suggests. Section 1345 provides that the district courts have original jurisdiction of such civil actions, suits or proceedings commenced by the United States or by any agency or officer thereof, rather than giving the Government a cause of action. If the Government has a federal cause of action, it must arise from some other source. Section 2415(b) provides that the federal statute of limitations for claims brought in tort is generally three years, though " an action to recover damages resulting from fire to . . . lands" of the Government is six years. Section 2415(a) provides that the statute of limitation for "every action for money damages brought by the United States . . . which is founded upon any contract . . ." is also six years. The Government's citation to § 2415(b) therefore might be understood as explaining that the statute of limitations, even if the action lies in tort, is six years.

The Government cited two cases in which relief was sought under federal law, *United States v. Indep. Sch. Dist. No. 1 of Okmulgee County*, 209 F.2d 578, 580-81 (10th Cir. 1954), and *Felder v. Casey*, 487 U.S. 131, 144-46 (1988). *Indep. Sch. Dist. No. 1*, which closely

parallels this case, is instructive. There, the Government paid money to the school district under a contract requiring the school district to serve school lunches to students and to keep certain records. When an audit revealed that the district had not kept adequate records, the Government sued to recover overpayments. We noted that the funds "were disbursed to a subdivision of the state under authority of federal law and in the exercise of a constitutional function." 209 F.2d at 580. We discussed the analysis of *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), and applied it to reject the state law defense and hold that the Government could recover such funds under controlling federal law. *Id.* at 580-81.

We note that the Government's statement of its claim made here did not rely on Colorado law, but only federal law. Aplt. App. 39-40 (citing 28 U.S.C. § 1345, 28 U.S.C. § 2415(b), 36 C.F.R. § 251.50, *et seq.*). The Government's argument in its response, Aplt. App. 39-40, also made clear that it sought a remedy under federal law, rather than under state tort law. Like the plaintiffs in *Indep. Sch. Dist. No. 1*, the Government here relied on a contract, the special use permit, entered into pursuant to federal law. Aplt. App. 40-41.

We believe the Government's citation to *Indep. Sch. Dist. No. 1* and *Felder*, particularly in light of the other statements indicating that it was raising a claim under the terms of the permit and under federal law, adequately indicated that the Government was asserting a federal contract claim against McKillop. We hold that this argument was fairly raised below.

**B**

*Whether the Clearfield Trust Analysis Prevents Application of the CGIA*

The Government makes its claim in contract pursuant to the terms of the special use permit. Therefore, the Government argues, the *Clearfield Trust* analysis requires that federal law governs and that the CGIA cannot be applied. The district court did not reach this issue, but instead analyzed the Government's claim solely as a tort claim brought under Colorado state law. As explained below, we believe the Government's cross claim against McKillop was brought to enforce a right arising basically under federal contract rights.

"The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States . . . ." United States Constitution, art. IV, cl. 3. Congress has authorized the Secretary of Agriculture to issue permits to occupy and use national forest land under such terms and conditions as she deems proper. 16 U.S.C. § 497. Pursuant to this authority, the Secretary has promulgated regulations providing for the issuance of permits such as that issued to McKillop. 36 C.F.R. § 251.56(a) (1995). Under these regulations, permit holders such as McKillop "shall pay the United States for all injury, loss, or damage, including fire suppression costs, in accordance with existing Federal and State laws," and must "indemnify the United States for any and all injury, loss, or damage, including fire suppression costs, the United States may suffer as a result of claims, demands, losses, or judgments caused by the holder's use or occupancy." § 251.56(d) & (d)(1). The permit issued to McKillop provides

that "[t]he holder shall be liable for any damage suffered by the United States resulting from or related to the use of this permit, including damages to National Forest resources and costs of fire suppression." Aplt. App. 57 (permit, (V)(C)).

The cross claim averred that McKillop paid the federal government an annual fee of $512.00 for the permit covering his cabin site. Aplt. App. 26-27, 61. The district court's Memorandum Opinion and Order characterized the permit as a lease agreement between McKillop and his wife, and the Forest Service. Aplt. App. at 102 ("The purpose of the Permit was to lease U.S. Forest Service land to Mr. McKillop for recreational use."). We have previously held that such a permit is a contract. *Anderson v. Eby*, 998 F.2d 858, 863 (10th Cir. 1993). In seeking relief according to the terms of the permit, the Government sought compensation for "damage . . . resulting from or related to the use of" McKillop's permit. The permit's terms make no reference to negligence or other bases for liability characteristic of a tort claim. We therefore conclude that the Government's cross claim against McKillop is a contract claim. We likewise conclude that the permit whose terms the Government seeks to enforce was issued pursuant to authority that

> had its origin in the Constitution and the statutes of the United States and was in no way dependent on the laws of [Colorado] or of any other state. The duties imposed upon the United States and the rights acquired by it as a result of the issuance find their roots in the same federal sources.

*Clearfield Trust*, 318 U.S. at 366 (citations omitted).

In *Independent Sch. Dist. No. 1*, this court said that, while it was not entirely clear which contract theory the Government was pursuing—a claim for money had and received,

- 11 -

or unjust enrichment—the remedy was under federal common law. The federal common law of contracts is well developed. *See, e.g., Clearfield Trust*, 318 U.S. 363 (suit by Government for reimbursement in connection with a check issued pursuant to a federal contract and presented to Clearfield Trust with a forged endorsement); *Independent Sch. Dist. No. 1*, 209 F.2d 578 (Government's suit to recover overpayments made under a federal program was governed by federal common law). Here, the regulation established pursuant to congressionally-delegated authority contemplates that the terms of the permit may be enforced, not only under state law, but under federal law as well. 36 C.F.R. § 251.56(d). ("Holders shall pay the United States for all injury, loss, or damage including fire suppression costs in accordance with existing Federal and State laws.).

Under *Clearfield Trust*, application of federal law to contract disputes is favored. *Boyle v. United Technologies*, 487 U.S. 500, 504 (1988) ("We have held that obligations to and rights of the United States under its contracts are governed exclusively by federal law.") The Supreme Court "has consistently held that federal law governs questions concerning the rights of the United States arising under nationwide federal programs." *United States v. Kimbell Foods*, 440 U.S. 715, 726 (1979). And, of course, where federal and state laws are in conflict, the Supremacy Clause of the United States Constitution requires that the federal limitation prevail. United States Constitution, art. VI, cl. 2.

We are convinced that the Government's cross claim against McKillop was essentially a contract claim for liability under the Term Special Use Permit, although a negligence claim

against others (students) was averred. Aplt. App. at 28. The cross claim against McKillop was based on his liability under the clear provisions of the Term Special Use Permit. Aplt. App. 29. ("McKillop is liable to the United States for its damages suffered as a result of the Buffalo Creek Fire pursuant to the terms of the Term Special Use Permit because the fire resulted from and related to his use of the Term Special Use Permit."). *Id.* Under the analysis of *Clearfield Trust* and its progeny, the federal six year contract statute of limitations provided by 28 U.S.C. § 2415(a) applies.

We therefore hold that the district court erred in granting McKillop's Fed.R.Civ.P. 12(b)(1) motion on the basis of Colorado's 180 day notice requirement in the CGIA. Accordingly the Government's contract claim under the permit is not time-barred, the notice that the CGIA would have required did not have to be given here, and the district court has jurisdiction to entertain this claim.


**IV**

The district court's dismissal of the Government's cross claim against McKillop on the basis of Colorado law is therefore REVERSED and this cause is REMANDED to the district court for further proceedings.