F I L E D
United States Court of Appeals
Tenth Circuit

May 30, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES JOSEPH OWENS-EL,

        Petitioner - Appellant,

v.

WARDEN WILEY; U.S. PAROLE
AND PROBATION
CONGLOMERATE,

        Respondent - Appellee.

No. 05-1423

D. Colorado

(D.C. No. 05-CV-1088 ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

James Joseph Owens-El, a federal prisoner at the United States Penitentiary

in Florence, Colorado, appeals the dismissal by the United States District Court

for the District of Colorado of his application for a writ of habeas corpus under

28 U.S.C. § 2241. We review the dismissal of an application under § 2241 de

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

novo. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment of the district court.

In his expansive, nearly incomprehensible, briefs to this court, Mr. Owens-El appears to challenge his federal sentence because it was imposed, at least in part, in consideration of a Maryland state-court conviction he received in 1968 as a juvenile tried as an adult. Mr. Owens-El claims that the 1968 conviction was expunged from his record in 1997 as unconstitutional under *Woodall v. Pettibone*, 465 F.2d 49 (4th Cir. 1972). This claim constitutes an attack on the validity of his federal sentence, cognizable under 28 U.S.C. § 2255, rather than an attack on the *execution* of his sentence, which would fall within the scope of applications under § 2241.

Because § 2255 requires that a motion thereunder be filed in the sentencing court, and Mr. Owens-El was sentenced by the Central District of California rather than the District of Colorado, the district court lacked jurisdiction to consider his application when properly construed as a motion under § 2255. Therefore, we AFFIRM the district court's dismissal of his application. *See Owens-El v. Hood*, 117 F. App'x 35, 36 (10th Cir. 2004); *cf. Owens-El v. Surgure*, 66 F. App'x 181 (10th Cir. 2003).

Also before us are Mr. Owens-El's motion seeking a writ of mandamus from this court, filed May 4, 2006, and several other filings related to "Newly Developed Evidence" and "New Facts." Because we fail to discern what, if any,

action he seeks from this court, the motion is DENIED.  To the extent that the

other filings seek relief, they relate to the claims in the § 2241 petition and are

similarly DISMISSED as not cognizable under that statute.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge