**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STATE OF OKLAHOMA;
OKLAHOMA WATER RESOURCES
BOARD,

Defendants-Appellants.

No. 05-5098
(D.C. No. 98-CV-521-E)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

The State of Oklahoma and the Oklahoma Water Resources Board

(collectively "the Board") appeal from the district court's decision granting

summary judgment in favor of the United States on its breach of contract claim.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

On appeal, the Board argues that the district court erred in its decision because: (1) there are questions of fact as to whether the Board breached the contract; and (2) even if the money judgment against the Board were appropriate, it was error to grant an injunction against the Board. We review de novo the district court's grant of summary judgment in favor of the United States, applying the same standard as the district court. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). We affirm.

I

In 1974, the United States, through the Army Corps of Engineers, entered into a contract with the Water Conservation Storage Commission of the State of Oklahoma, the legal predecessor to the Board, for the building of Clayton Lake (the name was later changed to Sardis Lake). The contract provided that the Corps would build the lake for the purpose of present and future use water supply storage. In return, the Board agreed to repay the Corps for building the lake in fifty consecutive annual payments and to pay future operating costs of the lake. The contract was approved by the Oklahoma Attorney General, Larry Derryberry.

The Board made six annual payments under the contract. After March of 1990, the Board made only two partial payments. The United States ultimately sued the Board for breach of contract. The parties filed cross-motions for summary judgment and the district court granted summary judgment in favor of

the United States. The district court's judgment included an award of money damages, declaratory relief and injunctive relief. This appeal followed.

## II

The Board's main argument on appeal is that the district court erred because there are material questions of fact regarding whether the Board breached the water supply contract.[1] "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Miles v. Denver Public Sch.*, 944 F.2d 773, 775 (10th Cir. 1991). Although the Board concedes that the contract is valid, it argues that the contract is not enforceable under Oklahoma law until the legislature appropriates funds to pay the contract. The Board contends that it is authorized to sell its water storage rights and could use those proceeds to pay the United States, but the Board claims that the United States cannot sue for those funds until the Board actually sells those rights. The Board argues that because the United States has not shown either that the legislature has appropriated the funds to pay the debt, or that the

---

[1] The Board presents as separate issues the question of whether the district court erred in granting summary judgment in favor of the United States and in denying the Board's cross-motion for summary judgment. The arguments for these two issues are virtually identical; therefore, we will treat them as one issue on appeal.

Board has sold its water storage rights, the district court erred when it granted summary judgment in favor of the United States.

The Board's assertion that the district court erred in granting summary judgment in favor of the United States is based on the erroneous premise that Oklahoma law controls the United States' contract claim. *In United States v. Indep. Sch. Dist. No. 1*, 209 F.2d 578, 580-81 (10th Cir. 1954), we determined that Oklahoma law did not limit the United States' ability to recover overpayments made to a subdivision of the State in conjunction with a valid contract for the establishment of a community lunch school program. Among other arguments based on Oklahoma law, the plaintiffs in *Independent School District No. 1* argued, like the Board does here, that the Oklahoma Constitution precluded the United States from recovering in the absence of a valid prior appropriation by the Oklahoma legislature. *Id.* at 580. Relying on *Clearfield Trust Company v. United States*, 318 U.S. 363 (1943), we concluded that the right of the United States to recover the overpaid funds was controlled by federal law, not Oklahoma law. *Id.* We explained,

> The funds which the government seeks to recover were disbursed to a subdivision of the state under authority of federal law and in the exercise of a constitutional function. And they were paid under conditions and circumstances which raise a duty or an obligation to repay that which was mistakenly disbursed. In the performance of the constitutional function there is no express or implied disposition to subordinate correlative federal rights to state law, and no reason is suggested or apparent for conditioning the government's rights or remedies upon state law. Whether, therefore, the asserted remedy be

for money had and received or restitution for unjust enrichment, the right to recover under controlling federal law is plain.

*Id.* at 580-81.

It is now well-settled that "the 'obligations to and rights of the United States under its contracts are governed exclusively by federal law.'" *United States v. City of Las Cruces*, 289 F.3d 1170, 1186 (10th Cir. 2002) (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988)). Here, the contract itself was authorized by two federal laws, the Water Supply Act of 1958, 43 U.S.C. § 390b, and the Flood Control Act of 1962, 42 U.S.C. § 1962d-5b. The Water Supply Act recognizes that it is the states' primary responsibility to develop their own water supplies, but that the federal government should participate and cooperate in developing such supplies. *See* 43 U.S.C. § 390b(a). These laws provide that the state or non-federal interest must pay for the cost of any water resources project and must enter into a written contract reflecting such agreement. *See id.* at § 390b(b); 42 U.S.C. § 1962d-5b(a).

Consistent with these federal laws, when the Board entered into the contract, it agreed to the following statement: "[the Board] is empowered . . . to contract with the Government and is vested with all necessary powers for accomplishment of the purposes of this contract, including those required by Section 221 of the Flood Control Act of 1970 (42 USC 1962d-5b)." Aplt. App. at 18. In another part of the contract, the Attorney General certified that: "It is my

opinion that this contract is within the authority of the contracting agency and in reaching this conclusion I have considered the effect of Section 221 of the Flood Control Act of 1970 (42 USC 1962d-5b)." *Id.* at 27. In addition to the requirement of a written agreement, the Flood Control Act requires that the Board "be a legally constituted public body with full authority and capability to perform the terms of its agreement and to pay damages, if necessary, in the event of failure to perform." 42 U.S.C. § 1962d-5b(b). The Flood Control Act also provides that, "every agreement entered into pursuant to this section shall be enforc[ea]ble in the appropriate district court of the United States." *Id.* § 1962d-5b(c).

Because federal law governs the United States' contract claim, the facts the Board asserts are in dispute– that the legislature has not made any appropriations and the Board has not sold any water storage rights– are not material. The material facts are undisputed. The Board admitted in its Answer that it entered into a water supply contract with the United States pursuant to the Water Supply Act of 1958 and Section 221 of the Flood Control Act of 1970 and that it was duly authorized to enter into the contract. The contract, which the Board admits is valid, requires the Board to make fifty consecutive annual payments. The Board admitted in its Answer that it has not made any payments under the contract since September 1997. Accordingly, the district court properly found that the contract is valid, the Board is legally required to perform its obligations

under the contract, and the contract is enforceable in federal court. The district court therefore did not err in granting summary judgment in favor of the United States on its breach of contract claim.

III

In its second issue on appeal, the Board argues that, even if the contract is enforceable, the district court erred in granting the United States' request for injunctive relief: (1) requiring the Board to make all future payments under the water supply contract within ninety days of receiving notice that a payment is due; and (2) prohibiting the Board from taking any other action that would result in a breach of the water supply contract. The district court's injunctive relief is essentially an order for the Board to specifically perform the contract, which we review for abuse of discretion. *See Koch v. Koch*, 903 F.2d 1333, 1335-36 (10th Cir. 1990). An abuse of discretion will be found only where the district court makes "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994) (quotation omitted).

The Board argues that the district court is in effect requiring the legislature to appropriate monies to make the annual payment within ninety days of receipt of notice from the United States and that this is unlawful under *In the Matter of the Application of the Oklahoma Capitol Improvement Authority*, 958 P.2d 759 (Okla. 1988). The Board acknowledges, however, that it has the authority to

-7-

acquire funds from at least one source other than legislative appropriations by selling its water storage rights. The district court's order therefore does not force the Oklahoma legislature to appropriate the funds. Moreover, the Board's argument that it will suffer hardship if it is required to make its future annual payments within ninety days of receiving notice that a payment is due is entirely speculative at this point, and is not a basis for finding that the district court abused its discretion in granting relief. *See In re Carpenter*, 205 F.3d 1249, 1252 n.2 (10th Cir. 2000) (rejecting argument that specific performance would frustrate purpose of decree or make it inequitable as speculative; in the event decree became inequitable in the future, the party could seek relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)).

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge