**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DY BUN,

       Petitioner–Appellant,

v.

RON WILEY, Warden, Federal Prison
Camp-Florence,

       Respondent–Appellee.

No. 09-1289
(D.C. No. 1:09-CV-01110-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Dy Bun filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241,

claiming that officials at the Bureau of Prisons ("BOP") are categorically denying eligible

inmates access to community correction centers ("CCCs") and residential re-entry centers

("RRCs") in violation of 18 U.S.C. §§ 3621(b) and 3624(c), and 28 C.F.R. §§ 570.20 and

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

570.21.  The district court dismissed his petition for failure to exhaust administrative remedies.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In August 2006, Bun was convicted on one count of conspiracy to distribute ecstasy and was sentenced to seventy months' imprisonment.  He is currently incarcerated at the federal prison camp in Florence, Colorado.  In May 2009, Bun filed a § 2241 habeas petition in the United States District Court for the District of Colorado, raising two claims:  (1) BOP officials violated 18 U.S.C. § 3621(b) by categorically denying the review and transfer of eligible inmates to CCCs, and (2) BOP officials violated § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21 by categorically limiting eligible inmates to six months in RRCs.

The district court construed Bun's claims as challenges to BOP decisions denying him a transfer to a CCC and a pre-release placement in an RRC for more than six months.  It then dismissed Bun's petition for failure to exhaust administrative remedies.  This appeal followed.

**II**

We review the dismissal of a § 2241 petition de novo.  <u>Broomes v. Ashcroft</u>, 358 F.3d 1251, 1255 (10th Cir. 2004).  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief.  <u>See</u> <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986) ("[J]udicial intervention is usually deferred until administrative remedies have been exhausted.").  The exhaustion requirement is satisfied by complying with any

available administrative procedures. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).

BOP regulations require that a prisoner must attempt informal resolution of a complaint and, if that fails, submit a formal request for an administrative remedy. 28 C.F.R. §§ 542.13-14. If the inmate does not obtain a satisfactory resolution, he may file a regional appeal, followed by a national appeal. Id. § 542.15(a). Bun completed the first three steps of the administrative process, but concedes that he did not file a national appeal. He argues that exhaustion of administrative remedies was futile because he challenges the validity, rather than the application, of BOP regulations.

Exhaustion of administrative remedies is not required when it would be futile. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. We generally apply the exception when there has been an adverse decision disposing of the precise issue raised by the petitioner. See Goodwin v. Oklahoma, 923 F.2d 156, 157-58 (10th Cir. 1991). Bun has not cited to any such adverse decision. To the extent that Bun premises his futility argument on our decision in Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007), which invalidated several BOP regulations, his argument lacks merit. Bun conceded in his response that he challenges the new regulations promulgated by the BOP after the Wedelstedt decision.

Bun's argument that the new regulations are invalid also lacks merit. He contends that two memoranda concerning the new regulations must be invalidated "because they

conflict with Congressional intent in enacting [18 U.S.C. §§ 3621(b) and 3624(c)]."

However, as noted by the district court, these memoranda actually support Bun's

contentions that inmates are eligible to be transferred to CCCs at any time and are

authorized to serve up to twelve months in an RRC. The first memorandum concerns

inmate requests for transfer to CCCs and states that inmates are "legally eligible" to be

placed in CCCs at any time during their prison sentence. The second memorandum

recognizes that while the maximum pre-release RRC placement is twelve months,

"Bureau experience reflects inmates' pre-release RRC needs can usually be

accommodated by a placement of six months or less." Before granting an RRC

placement greater than six months, BOP staff are required to obtain the permission of the

Regional Director. Contrary to Bun's contentions, this requirement does not run afoul of

§ 3624(c). That statute does not entitle prisoners to a twelve-month placement in an

RRC. See § 3624(c)(1). Neither memorandum demonstrates futility.

### III

Because Bun fails to show that he exhausted his administrative remedies or that

exhaustion of administrative remedies would have been futile, we **AFFIRM** the district

court's denial of his § 2241 petition. We **GRANT** Bun's motion to proceed in forma

pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

- 4 -