**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANCISCO TORRES-VILLA,

      Petitioner-Appellant,

v.

BLAKE DAVIS,[*] Warden, Federal
Prison Camp – Florence,

      Respondent-Appellee.

No. 09-1366
(D.C. No. 09-cv-01230-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Francisco Torres-Villa is an inmate at the Federal Prison Camp in Florence,

Colorado. He brought a pro se petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241, alleging that Bureau of Prisons (BOP) officials at Florence Prison

Camp violated federal law by denying transfers for inmates like himself to lower-

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Blake Davis is substituted for Ron
Wiley as the appellee in this action.

[**] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

security facilities. The district court dismissed Mr. Torres-Villa's petition for failure to exhaust administrative remedies. We agree with the district court and affirm.

*　　*　　*

Mr. Torres-Villa's habeas petition claimed that BOP officials have violated 18 U.S.C. § 3621(b), by categorically denying non-prerelease inmates (that is, prisoners with more than twelve months remaining on their sentences), including himself, transfers to Community Correction Centers (CCCs). It also alleged that BOP officials have categorically denied prerelease inmates (those with less than twelve months' time remaining on their sentences) more than six months in Residential Re-Entry Centers (RRCs), in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21.

The government requested that the court dismiss Mr. Torres-Villa's petition on the ground that he had failed to exhaust available administrative remedies, which is a prerequisite for a prisoner filing a habeas petition in federal court. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). In response, Mr. Torres-Villa admitted that he hadn't exhausted the BOP's administrative procedures for review of prisoner complaints, *see* 28 C.F.R. §§ 542.10–542.19, but argued that he shouldn't be required to do so because doing so would be futile, *see Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir.

2005). The district court rejected this argument and dismissed the petition. Mr. Torres-Villa then brought this appeal.

We agree with the district court that Mr. Torres-Villa was obligated to exhaust administrative remedies before bringing his case to court. Although his appellate brief argues only that exhaustion shouldn't be required because he seeks to challenge the validity — not the application — of BOP regulations, we construe his pro se filings liberally and also consider the futility arguments he made to the district court. Ultimately, however, none is availing.

Mr. Torres-Villa's original petition to the district court alleged that exhausting administrative remedies would be futile because the BOP "has pre-determined the issues before them." Application for Writ of Habeas Corpus at 2, R. at 5. In support of this argument, he referred to two memoranda concerning how the BOP processes prisoner requests for transfers to lower-security correctional facilities. The first memorandum deals with transfers of non-prerelease prisoners to CCCs, and makes clear that prisoners are legally eligible for such transfers at any time during their sentences and that all transfer requests must receive individualized consideration. The second memorandum relates to transfers of prerelease prisoners to RRCs. It notes that prisoners are legally eligible for up to twelve months at RRCs, but that, as a general rule, six months are usually sufficient to meet a prisoner's needs. The district court correctly held that neither memorandum reflects a predetermination of prisoner transfer

- 3 -

requests. Were Mr. Torres-Villa to request a non-prerelease transfer to a CCC, the first memorandum would require the BOP to give his request individualized consideration; were he to request a prerelease transfer to a RRC, the second memorandum wouldn't prevent him from spending twelve months there. Because it is possible for Mr. Torres-Villa to receive the relief he seeks from us through BOP review procedures, we cannot say that requiring him to exhaust that avenue would be an exercise in futility.

Mr. Torres-Villa also argued to the district court that exhaustion would be futile because the BOP is following regulations that this court previously declared invalid in *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). The district court properly rejected this argument, as the BOP has adopted new regulations to replace those we invalidated in *Wedelstedt*. Mr. Torres-Villa's challenge here is to the BOP's new regulations, as embodied in the two memoranda, which another panel of this court has upheld against a similar challenge. *See Bun v. Wiley*, 2009 WL 3437831 (10th Cir. Oct. 27, 2009) (unpublished).

To the extent that Mr. Torres-Villa's futility argument is that Florence Prison Camp officials — as opposed to the BOP generally — are categorically denying prisoner transfer requests, it must also fail. As the district court noted, the four-tiered BOP review process provides for appeals to regional and national BOP offices. Even assuming local prison officials have predetermined how they will handle transfer requests, the further levels of review available to Mr. Torres-

Villa could still afford him the relief he seeks, and thus wouldn't render exhaustion futile.

Finally, as we have already noted, Mr. Torres-Villa argues before us that exhaustion of administrative remedies isn't necessary when a prisoner seeks to challenge the validity, rather than the application, of BOP regulations. In support of this argument, he cites *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005), and *Wedelstedt v. Wiley*, 2006 WL 2475268 (D. Colo. Aug. 24, 2006), both of which excused failure to exhaust before holding the challenged regulations invalid. But a prisoner can't do away with the exhaustion requirement simply by framing his habeas petition as an attack on a regulation's validity rather than its application. The relevant question remains whether it would be *futile* to require the prisoner to go through the BOP review process. Undoubtedly it would have been in *Woodall* and *Wedelstedt*, where the challenged regulations definitively barred the BOP from granting the requested transfers. Here, however, the regulations Mr. Torres-Villa is challenging don't definitively prevent the BOP from transferring him to a CCC while he is a non-prerelease inmate or from placing him in a RRC for the twelve months preceding his release. Indeed, the memoranda he calls to our attention make clear that each is a possible outcome of the BOP review process. Mr. Torres-Villa was thus obligated to go through that process before filing his habeas petition in federal court.

Because Mr. Torres-Villa hasn't shown that exhaustion of administrative remedies would be futile, we affirm the district court's dismissal of his petition for a writ of habeas corpus. We grant Mr. Torres-Villa's motion to proceed *in forma pauperis*, and remind him of his obligation to continue making partial payments until the entire filing fee for this appeal is paid. *See* 28 U.S.C. § 1915(a)-(b).

                                        ENTERED FOR THE COURT


                                        Neil M. Gorsuch
                                        Circuit Judge