**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAVIER PADILLA,

　　　　　Petitioner - Appellant,

　　v.

RON WILEY, Warden, Federal Prison
Camp - Florence,

　　　　　Respondent - Appellee.

No. 09-1362

(D. Colorado)

(D.C. No. 1:09-CV-01111-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

---

　　Javier Padilla, a federal prisoner appearing pro se, appeals the dismissal by

the United States District Court for the District of Colorado of his application for

relief under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

**DISCUSSION**

---

　　[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Padilla is a federal inmate housed at the Federal Prison Camp in Florence, Colorado (FPC). He is serving a ten-year sentence, with a projected release date of May 27, 2010, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. He applied to the district court for relief under 28 U.S.C. § 2241. The application asserts that officials at FPC are violating the requirements of 18 U.S.C. §§ 3621(b) and 3624(c)(1)-(2) by categorically denying (1) the transfer of eligible nonprerelease inmates to community correction centers (CCCs) and (2) all inmates more than six months in residential re-entry centers. The district court dismissed his claim without prejudice on the ground that he had not exhausted all his administrative remedies. Mr. Padilla admitted that he has not pursued any administrative avenues for relief; but he argued in district court that doing so would have been futile, and thus not required, because any requested relief would have been categorically denied.

We review de novo the district court's denial of relief under § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Mr. Padilla is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009); *Bun v. Wiley*, No. 09-1289, 2009 WL 3437831 (10th Cir. Oct. 27, 2009) (unpublished)**.** On appeal Mr. Padilla acknowledges that he has not pursued any administrative

remedies. He contends, however, that he is not required to exhaust administrative remedies because he is not challenging the application of Bureau of Prisons (BOP) regulations or policies but, rather, their validity. But Mr. Padilla did not raise this contention in district court. Therefore, we decline to address it. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) (As a general rule, "this court will not consider an issue on appeal that was not raised below.").

In addition, Mr. Padilla argues that exhaustion of administrative remedies should not be required because it would have taken him six months to exhaust his remedies, and this "would have ate into Padilla's halfway house time." Aplt. Br. at 4; *see id.* at 3. But as the district court's decision explains, any time crunch in resolving Mr. Padilla's concern was of his own making. Accordingly, we hold that Mr. Padilla had no excuse for failing to exhaust his administrative remedies.

Mr. Padilla also argues that the district court "abused its discretion in ordering a Preliminary Response within 20 days limited only to the issue of the exhaustion of administrative remedies when the District Court should have dismissed the petition forthwith if it believed exhaustion was required in accord with Rule 4 of §2254 Rules." Aplt. Br. at 3. He asserts that "[w]hen the district court saw that Padilla did not exhaust administrative remedies, it should have dismissed his application forthwith pursuant to Rule 4 § 2254 Cases, if it believed that exhaustion was sine qua non." *Id.* It appears that Mr. Padilla is arguing that the district court's not dismissing his case immediately "created unnecessary

delay." *Id.* In light of our ruling on exhaustion, however, Mr. Padilla cannot show any prejudice. He has not prevailed on appeal, so he has suffered no injury by any delay in our review of the district court's decision.

**CONCLUSION**

We AFFIRM the district court's dismissal without prejudice of Mr. Padilla's § 2241 application. We GRANT Mr. Padilla's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge