**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SIMON LUCERO,

        Petitioner - Appellant,

v.

RON WILEY, Warden, Federal Prison
Camp - Florence,

        Respondent - Appellee.

No. 09-1344

(D. Colorado)

(D.C. No. 1:09-CV-01118-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **SEYMOUR**, Circuit Judges.

---

Simon Lucero, a federal prisoner appearing pro se, appeals the dismissal by
the United States District Court for the District of Colorado of his application for
relief under 28 U.S.C. § 2241.  Exercising jurisdiction under 28 U.S.C. § 1291,
we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**DISCUSSION**

Mr. Lucero, is housed at the Federal Prison Camp in Florence, Colorado (FPC). He is serving a five-year sentence, with a projected release date of November 8, 2012, for distribution of methamphetamine in violation of 21 U.S.C. § 841(A)(1). He applied to the district court for relief under 28 U.S.C. § 2241. The application asserts that officials at FPC are violating the requirements of 18 U.S.C. §§ 3621(b) and 3624(c)(1)-(2) by categorically denying (1) the transfer of eligible nonprerelease inmates to community correction centers and (2) all inmates more than six months in residential re-entry centers. The district court dismissed his claim without prejudice on the ground that he had not exhausted all his administrative remedies. Mr. Lucero admitted that he has not pursued any administrative avenues for relief; but he argued in district court that doing so would have been futile, and thus not required, because any requested relief would have been categorically denied.

We review de novo the district court's denial of relief under § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Mr. Lucero is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007).

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009); *Bun v. Wiley*, No. 09-1289, 2009 WL 3437831 (10th Cir. Oct. 27, 2009) (unpublished).

On appeal Mr. Lucero acknowledges that he has not pursued any administrative remedies. He contends, however, that he is not required to exhaust administrative remedies because he is not challenging the application of Bureau of Prisons regulations or policies but, rather, their validity. But Mr. Lucero did not raise this contention in district court. Therefore, we decline to address it. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir.2002) (As a general rule, "this court will not consider an issue on appeal that was not raised below."). Accordingly, we hold that Mr. Lucero had no excuse for failing to exhaust his administrative remedies.

Mr. Lucero also argues on appeal that the district court abused its discretion in allowing the government "20 days to file a Preliminary Response with respect to the exhaustion of administrative remedies." Aplt. Br. at 3. He asserts that authorizing the response "delayed any relief that may have been obtained by an appeal," and contends that the district court instead "should have issued an order dismissing the case forthwith." *Id.* In light of our ruling on exhaustion, however, Mr. Lucero cannot show any prejudice. He has not prevailed on appeal, so he has suffered no injury by any delay in our review of the district court's decision.

**CONCLUSION**

We AFFIRM the district court's dismissal without prejudice of Mr. Lucero's § 2241 application. We GRANT Mr. Lucero's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge