FILED
United States Court of Appeals
Tenth Circuit

December 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY L. CIOCCHETTI,

  Petitioner-Appellant,

v.

RON WILEY, Warden, Federal Prison
Camp - Florence,

  Respondent-Appellee.

No. 09-1336
(D.C. No. 09-CV-01175-BNB-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Anthony L. Ciocchetti, seeking to proceed *in forma pauperis*, filed a pro se

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. After ordering the government to file a preliminary response limited to the issue of whether it intended to raise the affirmative defense of exhaustion of remedies, the district court dismissed Ciocchetti's petition without prejudice on exhaustion grounds. On appeal, Ciocchetti contends that the district court erred: (1) in requiring him to exhaust his administrative remedies; and (2) in ordering the government to file a preliminary response, rather than summarily dismissing his petition. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's dismissal of Ciocchetti's petition and DENY Ciocchetti's Motion for Leave to Proceed *in forma pauperis*.

## I

Anthony L. Ciocchetti is presently incarcerated at the Federal Prison Camp in Florence, Colorado ("FPC-Florence") where he is serving a 65-month sentence for Making Materially False Statements in Connection with a Bank Loan Application and Bank Fraud, in violation of 18 U.S.C. §§ 1014 and 1344. His projected release date, with good-time credit, is April 5, 2013.

On May 22, 2009, Ciocchetti filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Construing his petition liberally, Clark v. Oklahoma, 468 F.3d 711, 713 n.1 (10th Cir. 2006) ("Pro se pleadings are liberally construed."), it appears that Ciocchetti alleges that the federal Bureau of Prisons

2

("BOP"), and in turn the staff of FPC-Florence, have violated federal law by instituting regulations and policies which result in the categorical denial of certain inmates' requests to be transferred to Residential Reentry Centers ("RRCs") and/or Community Correctional Centers ("CCCs").

The BOP policies which Ciocchetti challenges are based on two federal statutes: 18 U.S.C. §§ 3621(b) and 3624(c). Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate where a federal inmate will be imprisoned and to "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). RRCs and CCCs are among the penal or correctional facilities which the BOP may designate for inmate placement.

In making any designation and/or transfer decisions pursuant to § 3621(b), the BOP is instructed to consider the following five factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id.

Also at issue in this case is the effect of 18 U.S.C. § 3624(c). This statute governs "pre-release custody," and directs the BOP to transfer inmates to RRCs

3

or CCCs as they approach the end of their sentences in an effort to better prepare the inmates for re-entry into the community. Prior to 2008, § 3624(c) limited the time frame during which an inmate was eligible for pre-release custody in a RRC or CCC to the final six months or ten percent of his or her sentence, whichever was less. 18 U.S.C. § 3624(c) (West 2000), *amended by* Second Chance Act of 2007, Pub. L. No. 110-199, § 251, 122 Stat. 657, 692 (2008). This eligibility period has, however, been expanded and now § 3624(c) provides in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c).

The BOP has recently issued two memoranda providing guidance to its staff regarding the proper implementation of these statutes and their corresponding regulations. The first memorandum, issued on April 14, 2008, addresses the issue of pre-release inmates. In relevant part, this memorandum: (1) recognizes that the Second Chance Act of 2007 has increased the maximum available RRC or CCC placement time for pre-release inmates to 12 months; (2) directs BOP staff to review each pre-release inmate's eligibility for RRC or CCC placement on an individual basis seventeen to nineteen months before their projected release dates; (3) instructs BOP staff that in conducting these individual reviews they are to

4

consider the five-factor criteria set forth in § 3621(b); and (4) mentions that "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and that "[s]hould staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." ROA, Vol. I., p. 39.

The second BOP memorandum, issued November 14, 2008, addresses non-pre-release inmates. As relevant here, this memorandum states that upon the receipt of an inmate's request to be transferred to an RRC or CCC before his pre-release 12-month period, BOP staff must make an individualized determination of the inmate's eligibility for such a transfer based on the five factors set forth in § 3621(b). It also states that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." ROA, Vol. I., p. 35.

In his § 2241 petition, Ciocchetti admitted that he had not exhausted his administrative remedies by requesting a transfer to a RRC or CCC, but he argued that based on the language of these memoranda, he should be excused from this requirement. Specifically, Ciocchetti argued that it would be futile for him to request a transfer to a RRC or CCC because the BOP memoranda indicate that such a request would be categorically denied because Ciocchetti has more than six

5

months remaining on his sentence.

In light of Ciocchetti's futility argument, the district court chose not to summarily dismiss his petition for failure to exhaust his administrative remedies. Instead, the court ordered the government to file a preliminary response to Ciocchetti's petition, limited to a discussion of whether it intended to raise exhaustion as a defense. In its limited response, the government did assert the exhaustion defense, thoroughly discussing the administrative remedies available to Ciocchetti and the April 14, 2008 BOP memorandum. After Ciocchetti filed a reply to the government's response, the district court dismissed Ciocchetti's petition without prejudice for failure to exhaust his administrative remedies.

## II

"We review the district court's dismissal of a § 2241 habeas petition de novo." Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004).

A.     *Failure to Exhaust*

While § 2241 does not contain an express exhaustion requirement, we have held that exhaustion of administrative remedies is considered a prerequisite to the filing of a federal habeas corpus petition pursuant to this statute. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). There are, however, limited exceptions to the exhaustion requirement in the context of habeas petitions, including a narrow futility exception which we have recognized in the context of petitions brought under 28 U.S.C. § 2254, see Fairchild v. Workman,

6

579 F.3d 1134, 1155 (10th Cir. 2009), and other circuits have recognized in the context of petitions brought under §2241, see, e.g., Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006).

On appeal, Ciocchetti reasserts his contention that he should be excused from exhaustion based on this futility exception. Specifically, Ciocchetti again refers to the April 14, 2008, and November 14, 2008, BOP memoranda as well as to anecdotal evidence of the FPC-Florence staff's actions in arguing that it would be futile for him to request a transfer to a RRC or CCC because such a request would be categorically denied. Unfortunately for Ciocchetti, there is nothing in the record to support his anecdotal claims and he clearly misreads the BOP memoranda and the regulations they explain.

As its memoranda clearly indicate, the BOP recognizes its authority to place inmates in RRCs and/or CCCs for periods of time exceeding six months; instructing BOP staff to individually consider each request for a transfer based on the factors set forth in § 3621(b) regardless of the time remaining on the requesting inmate's sentence. Further, the fact that the regional BOP director must approve any inmate's assignment to a RRC or CCC which is greater than six months in duration, is of no consequence because this requirement in no way demonstrates a policy of categorical denial. In sum, Ciocchetti has failed to provide any evidence to support his argument that his failure to exhaust his administrative remedies should be excused as futile. As such, the district court

7

properly dismissed Ciocchetti's § 2241 petition.

*B.      Order to File a Preliminary Response*

Ciocchetti's second argument on appeal is that if exhaustion of administrative remedies was required, the district court erred in ordering the government to file a preliminary response rather than simply dismissing his petition. According to Ciocchetti, this decision impermissibly delayed his habeas proceedings.

"District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion." United States v. Nicholson, 983 F.2d 983, 988 (10th Cir. 1993) (citations and quotations omitted). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts is illustrative of this discretion. It states that in a § 2254 case:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time or take other action the judge may order.

Fed. R. Governing Section 2254 Cases in the United States District Courts 4.

We assume that district courts are afforded similar discretion with respect to § 2241 petitions, and therefore we conclude that the district court did not abuse

8

its discretion by ordering the government to file a limited response to Ciocchetti's petition. The district court had Ciocchetti's futility claims before it and by seeking a response, the court afforded the government the opportunity to address these arguments. For the sake of judicial efficiency, the court limited the response to the exhaustion issue.

## III

For the reasons stated above, we AFFIRM the district court's dismissal of Ciocchetti's § 2241 habeas petition and DENY Ciocchetti's Motion for Leave to Proceed *in forma pauperis*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge