FILED
United States Court of Appeals
Tenth Circuit

February 17, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

———————

PETER WOODRUFF,

          Petitioner - Appellant,

   v.

RON WILEY, Warden, Federal Prison
Camp-Florence,

          Respondent - Appellee.

No. 09-1446
(D. Ct. No. 1:09-CV-01672-ZLW)
(D. Colo.)

———————

ORDER AND JUDGMENT[*]

———————

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

———————

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Peter Woodruff, a federal prisoner proceeding pro se, appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.

We take jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we AFFIRM the

———————

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

ruling of the district court.

## I. BACKGROUND

Mr. Woodruff is currently incarcerated at the Federal Prison Camp in Florence, Colorado ("FPC-Florence"). He is serving a 135-month sentence for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). His projected release date, with good-time credit, is May 13, 2014.

In July 2009, Mr. Woodruff filed a § 2241 petition in the United States District Court for the District of Colorado. In his petition, Mr. Woodruff alleges that prison officials at FPC-Florence are categorically denying: (1) the review and transfer of eligible "non pre-release inmates"[1] to Community Corrections Centers ("CCC") in violation of 18 U.S.C. § 3621(b); (2) a placement of more than six months in a Residential Re-entry Center ("RRC") for eligible "pre-release inmates,"[2] as well as any other inmates, in violation of 18 U.S.C. §§ 3621(b) and (e)(2)(B), 3624(c), and 42 U.S.C. § 17541(a)(2)(A) and (c)(2); and (3) a twelve-month reduction in sentence and a twelve-month placement in an RRC facility for graduates of the Residential Drug and Alcohol Program in violation of 18 U.S.C. § 3621(e)(2)(B) and 42 U.S.C. § 17541(a)(2)(A). The district court dismissed Mr. Woodruff's petition for failure to exhaust administrative remedies. He timely

---

[1]Mr. Woodruff defines "non pre-release" inmates as inmates with more than twelve months remaining on their sentences.

[2]Mr. Woodruff defines "pre-release" inmates as inmates with twelve or fewer months remaining on their sentences.

- 2 -

filed this appeal.

## II. DISCUSSION

In considering a district court's dismissal of a § 2241 petition, we review legal determinations de novo and findings of fact for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). Before seeking relief under § 2241, federal prisoners must exhaust their administrative remedies. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Exhaustion requirements exist to give agencies, like the Bureau of Prisons ("BOP"), "an opportunity to correct [their] own mistakes . . . before [they are] haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). An inmate must exhaust his administrative remedies by "using all steps that the agency holds out, and doing so properly." *Id.* at 90 (quotations and emphasis omitted).

BOP regulations establish a four-tiered administrative process to address and resolve inmate grievances. *See* 28 C.F.R. § 542.10–542.16. First, an inmate must present an issue of concern informally to prison staff in an effort to resolve the issue. 28 C.F.R. § 542.13. If the inmate and staff cannot resolve the matter informally, the inmate must file a formal written Administrative Remedy Request at the institution at which the inmate is incarcerated. *Id.* § 542.14. If he is not satisfied with the Warden's response to his formal request, he may file appeals first with the Regional Director and later with General Counsel. *Id.* § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

Mr. Woodruff concedes that he has not followed the process outlined in the BOP regulations and therefore has not exhausted his administrative remedies. He argues, however, that the exhaustion requirement is inapplicable because: (1) exhaustion would be futile; and (2) he is contesting the validity, rather than the application, of BOP regulations.

Exhaustion of administrative remedies is not required when it would be futile. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). "The futility exception, however, is quite narrow." *Bun v. Wiley*, No. 09-1289, 2009 WL 3437831, at *1 (10th Cir. Oct. 27, 2009). Mr. Woodruff argues that exhaustion would be futile because prison officials at FPC-Florence categorically deny every request. He cites two BOP memoranda in support of his contention. Far from supporting his position, however, the memoranda require prison officials to make all decisions regarding placement in a CCC or RRC on an individualized basis. Furthermore, even if Mr. Woodruff was correct that the staff at FPC-Florence has predetermined its response to any complaint, the regulations provide him with two avenues of review outside the institution in which he is incarcerated. *See* 28 C.F.R. § 542.15. Thus, the futility exception does not excuse Mr. Woodruff's failure to exhaust his administrative remedies.

Moreover, as this court has noted in a prior, unpublished decision, "a prisoner [cannot] do away with the exhaustion requirement simply by framing his habeas petition as an attack on a regulation's validity rather than its application."

- 4 -

*Torres-Villa v. Davis*, No. 09-1366, 2009 WL 4071834, at *2 (10th Cir. Nov. 25, 2009) (addressing facts and arguments nearly identical to those presented in this case).  As we noted in *Torres-Villa*, because the regulations Mr. Woodruff is challenging do not definitely prevent his transfer to a CCC or RRC, he was obligated to exhaust the administrative process.  *Id.*

### III.  CONCLUSION

Because Mr. Woodruff has failed to show that he exhausted his administrative remedies or that exhaustion would be futile, we AFFIRM the ruling of the district court.  Mr. Woodruff's motion to proceed without prepayment of fees is DENIED.  Mr. Woodruff must immediately pay the unpaid balance of his filing fees.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge