FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

RANDY C. DAYBELL,

      Petitioner-Appellant,

v.

BLAKE DAVIS,[*] Warden, Federal
Prison Camp—Florence,

      Respondent-Appellee.

No. 09-1335
(D.C. No. 09-cv-1249-ZLW-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Randy C. Daybell, a prisoner proceeding pro se, appeals the district court's

dismissal of his petition for writ of habeas corpus. We exercise jurisdiction

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Blake
Davis is substituted for Ron Wiley as the Appellee in this action.

[**]     This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the
appellate record, this three-judge panel has determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we **AFFIRM** the judgment of the district court.[1]

## BACKGROUND

Mr. Daybell is currently incarcerated at the Florence prison camp facility ("FPC"), part of the Federal Correctional Complex in Florence, Colorado. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that FPC officials were unlawfully denying on a categorical basis requests by prisoners to complete portions of their sentences in halfway houses known as community corrections centers ("CCCs") and residential re-entry centers ("RRCs"). This categorical treatment, Mr. Daybell contended, also violated various BOP regulations and ignored 18 U.S.C. § 3621(b)'s requirement that prisoner transfer and release requests be evaluated individually. Along with the habeas petition, Mr. Daybell filed a motion seeking class certification and the appointment of class counsel for a group of prisoners bringing identical claims.

Mr. Daybell conceded that he had failed to exhaust administrative remedies provided by the Bureau of Prisons ("BOP") before filing suit, but contended that exhaustion would be futile because the BOP had predetermined the issue. He relied for this argument primarily on *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), in which we examined previous BOP regulations that explicitly placed

---

[1]     Because Mr. Daybell is proceeding pro se, we construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

categorical limits on the release periods available to prisoners. *Id.* at 1167. We invalidated those regulations because they "contradict[ed] Congress' clear intent that all inmate placement and transfer decisions be made individually and with regard to the five factors enumerated in 18 U.S.C. § 3621(b)." *Id.* at 1162.

After *Wedelstedt*, the BOP revised the regulations and issued two memoranda instructing its staff to undertake individualized determinations in release decisions. But Mr. Daybell contended that these changes were matters of form and not substance. According to Mr. Daybell, the "intransigent" BOP had simply "[u]pdat[ed] invalidated regulations to circumvent [*Wedelstedt*]"; in practice, FPC officials still responded categorically to release requests. R. at 62 (Reply to Resp't's Prelim. Resp., filed June 26, 2009). In support of this argument, Mr. Daybell stated that "[n]otwithstanding that there are 472 federal inmates at the minimal security prison camp, *not one* qualifies for CCC or RRC!" R. at 16 (Notice of Mot. for the Ct. to Take Judicial Notice, filed May 29, 2009). Mr. Daybell argued that the BOP's decision-making approach—categorical in practice, if not by its terms—ran afoul of our holding in *Wedelstedt*. He urged the district court to invalidate the new regulations under *Wedelstedt* and to permit his habeas petition to proceed because exhaustion would be futile.

The district court refused. It rejected Mr. Daybell's futility argument, concluding that his reliance on *Wedelstedt* "lacks merit because Mr. Daybell concedes that the BOP has adopted new regulations." R. at 69 (Order of

Dismissal, filed July 22, 2009). The district court concluded that the BOP memoranda repudiated categorical predeterminations of release eligibility. Thus, the district court determined that Mr. Daybell could not show that exhaustion was futile because—unlike in *Wedelstedt*—he could not show that the BOP had predetermined prisoner release decisions. The district court dismissed Mr. Daybell's habeas petition without prejudice, and denied as moot the motion seeking class certification and the appointment of class counsel. Mr. Daybell timely appealed.

## STANDARD OF REVIEW

The district court dismissed Mr. Daybell's § 2241 petition for failure to exhaust administrative remedies. We review the legal aspects of this decision de novo, and any factual findings for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir.), *cert. denied*, 129 S. Ct. 430 (2008).

## DISCUSSION

The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (noting that "judicial intervention is usually deferred until administrative remedies have been exhausted"). A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229,

-4-

235–36 (6th Cir. 2006) (recognizing futility exception in context of § 2241 petition); *cf. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility as to 28 U.S.C. § 2254 petitions).

BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy. *See* 28 C.F.R. §§ 542.13–.14. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal, followed by a national appeal. *Id.* § 542.15(a). It is undisputed that Mr. Daybell did not exhaust these administrative remedies.

On appeal, Mr. Daybell again argues that exhaustion would be futile because the BOP has continued its categorical release policy despite our holding in *Wedelstedt*. In raising this claim, Mr. Daybell contends that he is "in no way challenging the application of the BOP regulations, policies, procedures, and memorandums" but only their validity. Aplt. Br. at 2. He relies upon *Wedelstedt* and *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005), another case involving a challenge to the previous, categorical BOP regulations. *See* Aplt. Br. at 3.

In the time since Mr. Daybell filed his appeal in this case, we have issued a published opinion addressing the questions presented here. *See Garza v. Davis*, ___ F.3d ____, No. 09-1448, 2010 WL 537769 (10th Cir. Feb. 17, 2010). We

reject Mr. Daybell's claims for substantially the reasons provided in *Garza*. *Id.* at *4–5.

As an initial matter, Mr. Daybell's reliance on *Wedelstedt* and *Woodall* is misplaced. As the district court noted, "to the extent the futility argument is premised on . . . *Wedelstedt*, that argument lacks merit because Mr. Daybell concedes that the BOP has adopted new regulations." R. at 69. We reached the same conclusion in *Garza*: "BOP has adopted new interim regulations to replace those that were invalidated in *Wedelstedt*. Those regulations perforce must be the focus of Mr. Garza's challenge." *Garza*, 2010 WL 537769, at *5.

Nor does it avail Mr. Daybell to claim that he is attacking the *validity* of the BOP's regulations, policies, and procedures, and not their *application*. "[A] prisoner cannot do away with the exhaustion requirement simply by framing his habeas petition as an attack on a regulation's validity rather than its application. The relevant question remains whether it would be *futile* to require the prisoner to go through the BOP review process." *Id.* (alteration and internal quotation marks omitted). The regulations and memoranda at issue here, unlike those in *Wedelstedt*, do not indicate a policy of categorical denial and so they give us no reason to believe that exhaustion would be futile. *See id.*

Finally, even assuming that Mr. Daybell correctly claims that FPC staff are in practice making release determinations in a categorical manner, this does not mean that exhaustion is futile because—unlike in *Wedelstedt*, where the BOP

itself had adopted a categorical policy—the FPC's purported actions do not mean that the *BOP* has predetermined the issue. "[T]o the extent that [Mr. Daybell] argues that exhaustion is futile because officials at the Florence prison camp are categorically denying prisoner transfer requests, the higher administrative review levels available (regional and national appeals) demonstrate that exhaustion is not futile." *Id.* Where such a possibility of higher-level review exists, the exhaustion requirement may not be evaded. *Cf. Tesoro Ref. & Mktg. Co. v. F.E.R.C.*, 552 F.3d 868, 874 (D.C. Cir. 2009) ("Ordinarily, a party invokes the futility doctrine to prove the worthlessness of an argument before an agency that *has rejected it* in the *past*. Tesoro tries to argue that it would have been futile to raise an argument because the agency *would reject it* in the *future*.").

The district court denied Mr. Daybell's motion to proceed *in forma pauperis* ("IFP") and certified, pursuant to 28 U.S.C. § 1915(a)(3), that Mr. Daybell's appeal was not taken in good faith because he could not show the existence of a reasoned, nonfrivolous argument on the law and facts. We agree, particularly in light of the repeated failed appeals from other FPC inmates raising similar arguments. *See Ciocchetti v. Wiley*, No. 09-1336, 2009 WL 4918253 (10th Cir. Dec. 22, 2009); *Torres-Villa v. Davis*, No. 09-1366, 2009 WL 4071834 (10th Cir. Nov. 25, 2009); *Bun v. Wiley*, No. 09-1289, 2009 WL 3437831 (10th Cir. Oct. 27, 2009); *see also Lucero v. Wiley*, No. 09-1344, 2009 WL 4269700 (10th Cir. Dec. 1, 2009) (dismissing appeal from Florence inmate raising similar

arguments for failure to exhaust on slightly different grounds); *Padilla v. Wiley*, No. 09-1362, 2009 WL 4269699 (10th Cir. Dec. 1, 2009) (same).  Accordingly, we deny IFP relief.

## CONCLUSION

As the district court held, Mr. Daybell failed to exhaust his administrative remedies and cannot show that exhaustion would be futile.  Thus, we **AFFIRM** the district court's dismissal of his petition for writ of habeas corpus.  We **DENY** Mr. Daybell's motion to proceed IFP.

Entered for the Court

JEROME A. HOLMES
Circuit Judge